UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN MANNOR,

    Plaintiff,

v.

AMERILODGE GROUP, LLC.,

    Defendant.

Case No.

Hon.

Noah S. Hurwitz (P74063)
NACHT, ROUMEL, & HURWITZ, P.C.
*Attorneys for Plaintiff*
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Megan Mannor, by and through her attorneys, NACHT, ROUMEL, & HURWITZ, P.C., hereby alleges as follows:

### INTRODUCTION

1. Plaintiff Megan Mannor ("Plaintiff") was an exemplary employee of Defendant Amerilodge Group, LLC ("Defendant") since June 21, 2019, but Plaintiff worked unpredictable hours in excess of 40 hours per week to accommodate Defendant's refusal to hire additional personnel. When Plaintiff developed a serious health condition obligating Defendant to engage in an interactive process pursuant

to the Americans with Disabilities Act ("ADA"), Defendant refused Plaintiff's request for a 40-hour workweek as a reasonable accommodation, instead claiming that working over 40 hours was an essential function of the job. Defendant thereafter placed Plaintiff on an involuntarily indefinite leave of absence, effectively terminating her employment.

## PARTIES AND JURISDICTION

2. Plaintiff Megan Mannor is an individual residing in the City of Fenton, Genesee County, State of Michigan.

3. Defendant Amerilodge Group, LLC is a company with its registered business address in the City Bloomfield Hills, County of Oakland, State of Michigan.

4. This action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

5. This Court has jurisdiction pursuant to 28 U.S.C.A § 1331 (federal question jurisdiction).

6. Venue is proper in this Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the Defendant's principal place of business is located and where the events giving rise to Plaintiffs' claims took place.

7. The facts and unlawful employment practices within the meaning of the ADA giving rise to this Complaint occurred within the Eastern District of Michigan.

8. Defendant is an employer and Plaintiff was its employee at all relevant times within the meaning of the ADA.

9. Plaintiff filed a formal disability discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on March 8, 2021.

10. Plaintiff received her Notice of Right to Sue from the EEOC on September 13, 2021.

## FACTUAL ALLEGATIONS

11. Defendant is a for-profit company that operates a large chain of hotels in Indiana, Ohio, and Michigan.

12. At all times relevant to this Complaint, Plaintiff was employed as an Assistant General Manager ("AGM") at one of Defendant's hotels.

13. Plaintiff began working as an AGM at Defendant's hotel on or around June 21, 2019, and always performed her duties excellently.

14. As an AGM, Plaintiff was responsible for performing non-managerial tasks, including housekeeping, laundry, maintenance, reception, cleaning the indoor and outdoor premises, and attending to COVID-19 protocols.

15. Plaintiff worked excessive hours to compensate for Defendant's refusal to hire additional personnel to perform non-managerial tasks, such as cleaning, housekeeping, reception, and maintenance.

16. Defendant instructed Plaintiff to always be "on-call" and ready to report

to the hotel in order to perform the job duties of non-managerial employees.

17. In early 2021, Plaintiff began suffering from a digestive disorder, which required her to be placed, at least temporarily, on a fixed schedule pursuant to the opinion of a medical professional.

18. On Saturday, February 6, 2021, Plaintiff submitted a medical note from Dr. Muhammad Al-Midani of the Digestive Disease & Nutrition Center stating that Plaintiff could return within the workweek on Thursday, February 11, 2021, provided that Plaintiff be permitted to work "a set schedule shift to avoid complications with her health."

19. Plaintiff triggered the ADA's interactive process once she provided Defendant with a doctor's note requesting a reasonable accomodation.

20. Defendant denied her request, taking the position that it cannot accommodate Plaintiff by giving her a "set schedule" because it would cause an undue hardship.

21. There is no authority to suggest that giving a hotel employee a fixed schedule as an accommodation would cause a hotel to suffer undue hardship.

22. Specifically, Defendant's purported reasoning is that Plaintiff must "ensure 24-hour coverage of the front desk, cover the employee's unscheduled absences, and respond to emergency situation."

23. Defendant *could* accommodate Plaintiff by giving her a set schedule if

it simply hired more staff instead of requiring Plaintiff to work excessive hours.

24. Thereafter, Defendant removed Plaintiff from the work schedule.

25. On March 15, 2021, Defendant's Corporate Director of Human Resources, Ms. Sarah Atkins, sent Plaintiff an email saying that she was "making them feel uncomfortable."

26. In the same email, Ms. Atkins claimed that Plaintiff's disability created a "life safety issue" and that no accommodations could be made until Plaintiff's doctor issued "updated restrictions."  Defendant offered Plaintiff no further explanation as to why it was effectively terminating her employment.

27. Defendant failed to engage in the interactive process.

28. Had Defendant engaged with Plaintiff in the ADA's interactive process, Plaintiff could have been reasonably accommodated and returned to work without causing Defendant to suffer any undue hardship.

29. Instead, Defendant proffered an ultimatum – take an involuntary indefinite unpaid leave of absence or be demoted.

**COUNT I
DISABILITY DISCRIMINATION
and FAILURE TO ACCOMMODATE
(Americans with Disabilities Act)**

30. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

5

31. At all relevant times, Plaintiff was a "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2).

32. Defendant perceived and/or regarded Plaintiff as having a physical disability. Plaintiff was therefore regarded as having a disability under 42 U.S.C. § 12102(1)(C).

33. These impairments included but were not necessarily limited to those set forth in Dr. Muhammad Al-Midani's letter provided to Defendant, which noted Plaintiff's digestive condition.

34. Plaintiff was substantially limited in major life activites of thinking, concentrating, sleeping, working, among others.

35. Despite her disability, Plaintiff was at all relevant times qualified to perform the essential functions of her job with or without reasonable accommodation.

36. Plaintiff made requests for reasonable accommodations by seeking from Defendant a more tolerable work environment and a better work schedule; such accommodations would not have been unduly burdensome to Defendant.

37. Defendant failed to accommodate Plaintiff, failed to engage in the interactive process required under the ADA, and otherwise subjected Plaintiff to adverse employment actions based on her disability as described above, including but not limited to removing her from the work schedule and offering her a demotion.

38. Defendant's actions in violation of the ADA were willful.

39. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

40. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

**COUNT II
RETALIATION
(Americans with Disabilities Act)**

41. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

42. Plaintiff engaged in protected activity when, in good faith, she requested accommodations for her disability and supplied defendant with a medical note from Dr. Muhammad Al-Midani on February 6, 2021.

43. This exercise of protected rights was known to Defendant.

44. In retaliation for complaining about disability discrimination, Plaintiff was subjected to adverse employment actions by Defendant, including but not limited to retaliatory harassment and forced leave of absence as described herein.

45. Defendants' reasons for taking these actions were retaliatory and not legally justified.

46. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

47. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

  a. For Plaintiff, judgment against Defendant in the amount of Plaintiff's unpaid back pay, front pay, injunctive relief, declaratory judgment, liquidated damages, punitive damages, and attorney fees under the ADA;

  b. Award Plaintiff appropriate equitable relief, compensatory damages, and exemplary damages;

  c. For Plaintiff, appropriate civil penalties;

  d. For Plaintiff, all costs, attorneys' fees, and interest incurred prosecuting this claim; and

  e. All further relief as the Court deems just and equitable.

Respectfully Submitted,
NACHT, ROUMEL, & HURWITZ, P.C.

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
*Attorneys for Plaintiff*
101 N. Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550

Dated: November 8, 2021

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MEGAN MANNOR,                                           Case No.

    Plaintiff,                                              Hon.

v.

AMERILODGE GROUP, LLC.,

    Defendant.
_____

Noah S. Hurwitz (P74063)
NACHT, ROUMEL, & HURWITZ, P.C.
*Attorneys for Plaintiff*
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com
_____

## JURY DEMAND

NOW COMES Plaintiff Megan Mannor, by and through her attorneys, NACHT, ROUMEL, & HURWITZ, P.C., and hereby demands a trial by jury in the above-captioned matter for all issues so triable.

        Respectfully Submitted,

        NACHT, ROUMEL, & HURWITZ, P.C.

        /s/ *Noah S. Hurwitz*
        Noah S. Hurwitz (P74063)
        *Attorneys for Plaintiff*
        101 N. Main Street, Suite 555
        Ann Arbor, MI 48104
        (734) 663-7550

Dated: November 8, 2021